# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Case No. 3:12-cv-00518-MR
## [Criminal Case No. 3:08-cr-00010-MR-2]

| | |
|---|---|
| OLANDUS BROADWAY,  )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>UNITED STATES OF AMERICA,   )<br>   )<br>   Respondent.   )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On September 24, 2008, Petitioner was convicted following his entry of a guilty plea to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to 188 months' imprisonment. [Criminal Case No. 3:08cr10, Doc. 47: Judgment in a Criminal Case at 1-2]. Petitioner did not file a direct appeal from this criminal judgment.

On August 17, 2009, Petitioner filed a Section 2255 motion raising a claim of ineffective assistance of counsel. The Court concluded Petitioner's argument was without merit and entered an order denying and dismissing his motion. [Civil Case No. 3:09cv356, Doc. 2].

On August 16, 2012, Petitioner filed the present Section 2255 motion challenging his criminal judgment. Petitioner contends that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Petitioner argues that a prior state drug conviction no longer supports his status as a career offender. Petitioner moves the Court for an order reducing his sentence. [Doc. 1-1 at 4-5].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The present Section 2255 motion is attacking the same criminal judgment which Petitioner challenged through his first Section 2255 motion. Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore this Court is without jurisdiction to consider the merits of the present Section 2255 motion, and it will be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has

not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: January 16, 2013

Martin Reidinger
United States District Judge